EASTERN DIST.
*May*, 1836.

PARMELE ET AL.
*vs.*
M'LAUGHLIN
ET AL.

---

PARMELE ET AL *vs.* M'LAUGHLIN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where goods were purchased and directed to be sent to the buyer, at a distant place, consigned to a certain commercial house, they paying freight : *Held*, that before delivery, either to the buyer or consignees, the sale was not complete, especially as the buyer had not complied with its terms on his part.

A fraudulent purchaser who obtains property by fraudulent representation, acquires only a naked possession, which gives no right to any of his creditors to attach in his hands.

A purchaser of goods, obtained by the seller through fraudulent represen- tations, who buys with full notice of such fraud, acquires no right or property in them; they are liable to the claim of the true owner in his hands.

EASTERN DIST.
May, 1836.

PARMELE ET AL.
vs.
M'LAUGHLIN
ET AL.

This is an action to recover from M'Laughlin, the purchaser, and Patton, his transferee of an invoice of goods, the sum of two thousand and thirty-nine dollars and fifty cents, the amount for which they were sold by the plaintiffs to M'Laughlin.

The pleadings, facts and evidence of the case are stated in full in the opinion of judge Bullard.

The case was tried against Patton, who was arrested in New-Orleans and held to bail. M'Laughlin never made his appearance, and an attorney was appointed to represent him, as an absent defendant.

The district judge was of opinion from the evidence, that M'Laughlin was a fraudulent and swindling purchaser who left the city before the goods were delivered, or the contract completed; that but for Patton, the plaintiffs would have taken their goods back, but he held conversations with them and lulled them into security. He was, therefore, an actor in the fraud before the purchase was complete, and when the sellers might have protected themselves.

Judgment was rendered against the defendants in solido, for the sum claimed. The defendant, Patton, appealed.

Strawbridge, for the plaintiffs contended, that when any thing remained to be done, as between seller and buyer, the contract was not complete, and no right of property attached; and that in this case no right of property vested in M'Laughlin, which he could transfer to Patton. 2 Kent's Commentaries, 390, 391, 392.

J. Porter, for the appellant.

1. There was no fraud committed on the plaintiffs by M'Laughlin, and even if there was, Patton was not a party to it.

EASTERN DIST.    2. It is not alleged that any fraud was committed by
*May*, 1836.    Patton, but merely that he was acquainted with the fraud
PARMELE ET AL.  committed by M'Laughlin; and supposing this to be so, it
*vs.*    does not entitle the plaintiffs to recover from Patton.
M'LAUGHLIN
ET AL.    3. A false representation, *gratis dictum*, affords no ground
of action.    2 *Kent's Commentaries*, 486.    12 *East*, 632.

4. The whole conduct of Patton resolves itself at most
into *injuria absque damnum*.

5. The loss sustained by the plaintiffs, was the consequence
of their own imprudence, and breach of confidence on the
part of M'Laughlin.

6. The sale from plaintiffs to M'Laughlin was complete
between the plaintiffs and defendant, though payment was
not made.    *Louisiana Code*, 2431.

7. M'Laughlin had a right to sell of course, to transfer to a
creditor.    The legal title was vested in him.    *Civil Code*,
2431.    2 *Kent's Commentaries*, 492.

8. The re-sale may be prevented, but not set aside.    4
*Martin, N. S.*, 475.

9. Goods cannot be stopped *in transitu* when the bill of
sale has been assigned by consignee, even though *assignee*
knew they had not been paid for.    9 *East*, 506.

*Bullard J.*, delivered the opinion of the court.

The plaintiffs allege that M'Laughlin, one of the defend-
ants, representing himself as a person of good credit, and
authorised to draw bills upon one Coffin, of Mississippi, pur-
chased goods from them to the amount of two thousand and
thirty-nine dollars and fifty cents, for which he was to pay
by a draft on said Coffin, endorsed by one Shields, or on
Shields, endorsed by Coffin, at nine months, including three
months interest.    That, at the request of M'Laughlin they
shipped the goods on board the steam-boat Splendid, but that
M'Laughlin fraudulently and clandestinely left the state
without furnishing the draft or paying for the goods, and on
the voyage, or at Vicksburg, or some other place on the river,
transferred the same to the other defendant, Patton, who had

converted them to his use, well knowing the premises. They ask a judgment for the price of the goods against both the defendants *in solido*.

EASTERN DIST.
*May*, 1836.

PARMELE ET AL.
*vs.*
M'LAUGHLIN
ET AL.

The answer contains a general denial, and judgment having been rendered in favor of the plaintiffs, the defendant, Patton, appealed.

The purchase of the goods is shown; and it appears that before they were shipped, Patton arrived here in pursuit of M'Laughlin, as his absconding debtor. His first plan was to attach the goods which he found on the levee, but he was advised not to adopt that course, as perhaps they had not been paid for. He then called on the plaintiffs and ascertained the terms upon which they had sold, at the same time representing M'Laughlin as a smart, capable man, and that he, Patton, had an idea of advancing him some money and sharing in the profits of the purchase.

This conversation appears to have occurred after the goods were put on board the Splendid. M'Laughlin disappeared without making the promised arrangement for the payment of the goods, or even getting the bill of parcels from the sellers; but Patton, instead of levying an attachment, took passage on the same boat with the goods. In the course of her voyage to Vicksburg, M'Laughlin came on board, and then the packages were all transferred to Patton in payment of an old debt.

The receipt, or informal bill of lading, given by the master of the steam-boat, is for three boxes merchandise from Parmele & Baker, marked J. T. M'Laughlin, Jackson, Mississippi, to be delivered at Vicksburg, Lyons & Gilmore paying freight for the same. This paper never appears to have been delivered to M'Laughlin, nor does it furnish any other evidence of property in him than his name marked on the boxes. The only consignees mentioned are Lyons & Gilmore. The goods were to be delivered, they paying the freight. But if we construe the receipt to mean that the boxes were to be delivered to M'Laughlin, still it would appear that no delivery had been previously made, and without such delivery the sale was not complete. It appears, however, at the same time, that the goods had been shipped

*Where goods were purchased and directed to be sent to the buyer, at a distant place, consigned to a certain commercial house, they paying freight : Held, that before delivery, either to the buyer or consignees, the sale was not complete, especially, as the buyer had not complied with its terms on his part.*

EASTERN DIST.
*May*, 1836.

PARMELE ET AL.
*vs.*
M'LAUGHLIN
ET AL.

at the request of M'Laughlin. This it is contended was a delivery, the goods having been sent to the place designated by the purchaser. But this delivery on board must be taken in connexion with the receipt or bill of lading, and with the previous circumstances of the contract, and the obligation of the buyer to furnish a draft according to agreement. Without such compliance with the conditions of the contract, such a delivery would be considered as conditional. 2 *Kent*, 391.

However doubtful the case might be under these circumstances, in relation to a *bonâ fide* purchaser from M'Laughlin after the shipment of the goods, yet it is manifest that Patton was minutely informed of all the previous circumstances attending the purchase, and the shipment. He knew that M'Laughlin had disappeared without complying with his promise, and not satisfied with concealing from the plaintiffs his knowledge of M'Laughlin's character, his representations were calculated to throw them off their guard, and to induce them to part with the goods. We cannot doubt that M'Laughlin obtained the goods fraudulently, however honest his original intention may have been. In the case of Gasquet & Co. *vs.* Johnson, this court held that a fradulent purchaser who obtains property by fraudulent representation acquires only a naked possession, which gives no right to any of his creditors to attach in his hands. 2 *Louisiana Reports*, 514.

The case of D'Wolf in 2 Mason's Reports, is a still stronger case.

According to the authority of these cases, Patton could have gained nothing, even by an attachment of the goods in question; much less can he as a purchaser with full notice, if not a participation in the fraud.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

A fraudulent purchaser, who obtains property by fraudulent representation, acquires only a naked possession, which gives no right to any of his creditors to attach in his hands.

A purchaser of goods, obtained by the seller through fraudulent representations, who buys with full notice of such fraud, acquires no right or property in them; they are liable to the claim of the true owner, in his hands.